**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. ______________

**[PROPOSED] ORDER**

AND NOW, this _____ day of __________________, 2016, upon consideration of Plaintiff MSC Group, Inc., d/b/a One Call Care Management's ("Plaintiff" or "One "Call") Motion for a Preliminary Injunction against Defendant, Jordan Burch ("Defendant" or "Burch") and Incorporated Memorandum of Law (the "MOTION"), the Affidavit of Samuel Hillman and the exhibits thereto, the Affidavit of Amber Unruh and the exhibits thereto, the Verified Complaint, and any additional evidence submitted by One Call, Defendant Jordan Burch's Opposition Brief, if any, and any additional evidence submitted by Burch, and based on testimony given at the hearing on ________________, 2016, and oral argument by counsel, One Call's MOTION is hereby GRANTED.

1. The Court finds that One Call has established a reasonable likelihood that it will succeed on the merits of its breach of contract claims against Burch (Counts I-III of the Verified Complaint). The Court further finds that the Confidentiality, Unfair

Competition, Non-Solicitation and Invention Assignment Agreement, attached as Exhibit "A" to the Verified Complaint (the "2014 Agreement"), is a valid and enforceable agreement. The Court further finds that the one-year non-compete and non-solicit restrictions to which Burch agreed in the 2014 Agreement are reasonable in temporal scope, geographic scope, and scope of activities, particularly in light of Burch's nationwide high-level responsibility for One Call. The Court further finds that One Call has established a reasonable likelihood of success on its claim that Burch has breached the 2014 Agreement with respect to at least two customers – California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management, Inc. ("Matrix").

2. The Court also finds that One Call is likely to suffer immediate and irreparable harm, including consisting of the loss or diversion of key customers in violation of Burch's non-competition and non-solicitation covenants, the loss of its confidential information, and otherwise having its goodwill and competitive advantages in the workers' compensation cost containment industry substantially harmed, if preliminary injunctive relief is not ordered restraining Burch as set forth in this Order.

3. The Court further finds that the threatened injury to One Call outweighs whatever harm the preliminary injunction may cause Burch.

4. The Court further finds that the preliminary injunction would not be adverse to the public interest.

Based on the above findings, and pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.06, it is hereby ORDERED and DECREED as follows:

1. Defendant Burch is ENJOINED, for a period of one year from the date of this Order, from:

a. providing services directly or indirectly, for the benefit of a competitor of One Call, including AHP and Cypress Care, in any role or position (as an employee, consultant, or otherwise) that would involve activities competitive to One Call's business;

b. accepting (in person or through assistance to others) business from, or providing services to, any "Covered Customer" (as defined in the 2014 Agreement) of One Call, including, but not limited to, the Fund and Matrix, in pursuit of a competing line of business to One Call;

c. soliciting (in person or through assistance to others) or attempting to solicit or communicating with or calling on any Covered Customer of One Call, including, but not limited to, the Fund and Matrix, in pursuit of a competing line of business to One Call; and

d. soliciting (in person or through assistance to others) or attempting to solicit or communicating with or calling on any "Network Providers" (as defined in the 2014 Agreement) of One Call in pursuit of a competing line of business to One Call.

5. Defendant Burch is hereby ORDERED to immediately: (a) preserve and return to One Call all One Call property and confidential and proprietary information; and (b) refrain from using, disclosing or permitting the use or disclosure, directly or indirectly, of One Call's property or confidential and proprietary information (as defined in the 2014 Agreement).

6. The Court hereby orders, pursuant to Federal Rule of Civil Procedure 65(c) and Florida Statute § 542.335(j), that One Call shall post security in the amount of _______________ dollars with ten (10) days of the issuance of this Order. This Order shall become immediately effective upon One Call's posting of the bond.

BY THE COURT:

______________________________
, J.