FILED

2016 JAN 12 PM 3:22

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. 3:16-CV-27-J-39JRK

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 45, hereby submits its Motion for Expedited Discovery and Incorporated Memorandum of Law (the "Motion"). In support thereof, One Call avers as follows:

1. One Call has filed a Verified Complaint, Motion for a Preliminary Injunction and Incorporated Memorandum of Law, and the Affidavits of Samuel Hillman and Amber Unruh contemporaneously with this Motion.

2. This Court has broad discretion to control discovery and protect the parties before it under Federal Rule of Civil Procedure 26 (b)-(c).

3. Rule 30 provides that the Court may allow a plaintiff "to take a deposition before the time specified in Rule 26(d)." Fed. R. Civ. P. 30(2)(c).

4. Rule 34 grants the Court authority to permit a party to serve discovery before the Rule 26(f) conference and to shorten the time a defendant has to respond to written discovery. *See* Fed. R. Civ. P. 34(b).

5. Expedited discovery is permitted when the moving party shows "good cause" for its need. *Nassau Terminals, Inc. v. M/V Bering Sea*, 1999 U.S. Dist. LEXIS 23782, at *3 (M.D. Fla. Jul. 1, 1999).

6. Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, 2013 U.S. Dist. LEXIS 53071, at *4-5 (M.D. Fla. Apr. 12, 2013) (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Trans. Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

7. As more fully set forth below and in the Incorporated Memorandum of Law, there is sufficient good cause to permit the limited expedited discovery requested by One Call.

8. One Call is the nation's premier provider of specialized cost containment products, programs, and services to the workers' compensation industry throughout the United States. The cost containment market in which One Call conducts business is highly competitive.

9. One Call has brought this action seeking, *inter alia*, preliminary injunctive relief against its former high-level National Audiology Sales Director, Jordan Burch ("Defendant" or "Burch"), to prevent his surreptitious scheme to solicit and divert key One Call customers with whom he worked extensively at One Call, for the benefit of One Call competitors and himself, all in violation of his non-competition, non-solicitation, and confidentiality covenants.

10. As set forth in One Call's Verified Complaint, Motion for Preliminary Injunction, and the accompanying Affidavits, despite Burch's false statements to One Call attempting to hide his actions, One Call has learned that Burch is now the Vice President of Advanced Hearing Products ("AHP"), and has attempted to work with Cypress Care – both direct competitors of One Call. Since leaving One Call, Burch has solicited at least two customers with whom he worked closely at One Call -- California State Compensation Insurance Fund (the "Fund," one of the largest providers of worker's compensation insurance in the nation) and Matrix Absence Management ("Matrix," a nationwide company partnering with employers to provide customized management of benefit programs).

11. Equally as egregious, Burch is, it appears, using and disclosing the confidential and proprietary information he obtained as a high level employee of One Call to compete against One Call, directly and indirectly, and to undermine its competitive standing. Before the end of his One Call employment, Burch – unbeknownst to One Call – forwarded to his personal email account One Call's National Audiology Business Plan. Burch did not return the plan when he left One Call. Now, armed with One Call's business

plan, instead of honoring his contractual and other legal obligations in good faith, Burch almost immediately – and secretly – joined the ranks of One Call's competitors and began soliciting One Call's key customers.

12. At the same time that Burch was soliciting One Call customers and informing them of his new role as Vice President of One Call's competitor, behind One Call's back, Burch misrepresented to One Call that he is still unemployed and is looking for work. *See* Unruh Aff. ¶ 11.

13. Based on the foregoing evidence that One Call has already amassed by happenstance, there is already sufficient evidence to for this Court to grant the injunctive relief sought in One Call's pending Motion for Preliminary Injunction and enjoin Burch from flagrantly violating his on year non-competition and non-solicitation covenants, and prevent Burch from further divulging One's Call confidential information for his own benefit and the benefit of One Call's competitors.

14. In light of the Burch's surreptitious behavior, and the serious irreparable harm his actions are causing, to fully understand the extent of Burch's unlawful conduct and begin to attempt to mitigate the harm to One Call, expedited discovery is necessary. Burch has already shown in his repeated misrepresentations that he will not disclose his current and unlawful activities truthfully and voluntarily absent this Court's intervention and order.

15. Further, without the ability to immediately discover the extent of Burch's breaches, the harm Burch has already caused will be compounded, and he will be rewarded for his underhanded tactics.

16. One Call therefore respectfully requests that the Court permit One Call to engage in limited expedited discovery with respect to Burch's activities to-date in violation of his agreements. Specifically, One Call requests that Burch and the identified third-parties:

a. respond to the limited written discovery requests (Burch) and produce documents within five (5) calendar days of service of this Court's order;

b. respond to the limited subpoenas and produce documents (third parties) within seven (7) calendar days of service of the subpoenas; and

c. appear for all noticed depositions on an agreed upon date within ten (10) calendar days of entry of this Court's Order (Burch) or within ten (10) calendar days of service of a subpoena (third parties). The depositions shall be limited to the following topics: (i) the work Burch is currently performing in competition with One Call, including for and/or on behalf of AHP and Cypress Care; (ii) Burch's post-employment involvement with the Fund, Matrix, and any other "Covered Customers" of One Call, as that term is defined in Burch's agreement with One Call; (iii) the circumstances surrounding Burch's hiring or retention by AHP and/or Cypress Care; (iv) Burch's retention, use, and/or disclosure of One Call's confidential information; (v) Burch's direct or indirect solicitation of One Call current or prospective customers since leaving One Call's employment; and (vi) the documents requested and produced.

17. One Call respectfully requests that the Court's Order also require Burch and the identified third parties to preserve all potentially relevant evidence stored on business and personal computers, laptops, iPads, handheld devices, smart phones, and similar electronic devices, email accounts, and cloud accounts pending resolution of this action or further order by the Court.

## MEMORANDUM OF LAW

### I. RELEVANT FACTUAL BACKGROUND

To avoid unnecessary duplication, the factual background is set forth in great detail in the Affidavit of Samuel Hillman, Senior Vice President, Complex Division Sales, for One Call, and Affidavit of Amber Unruh, Account Executive for One Call, filed in support of One Call's Motion for Preliminary Injunction and Incorporated Memorandum of Law, and incorporated herein by reference in their entirety.

### II. THE LIMITED DISCOVERY SOUGHT BY ONE CALL

Given Burch's surreptitious behavior, the imminent need to obtain information about Burch's post-employment conduct, and the severity and extent of his conduct and harm, limited expedited discovery is necessary. One Call seeks only to obtain the following limited documents and information on an expedited basis at this time:

**Document Requests Directed to Jordan Burch:** One Call seeks the production of the following documents, paper, electronic, or otherwise, from Burch:

1. Documents relating to One Call's current or prospective customers, including the Fund and Matrix;

2. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

3. Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or Burch's retention, use, or disclosure thereof;

4. Documents relating to Burch's recruiting, hiring by, agreements with, services provided to, or involvement with AHP, Cypress Care, and/or Carter;

5. The employment materials or agreement materials exchanged between Burch and AHP, Cypress Care, and/or Carter.

**Subpoenas *Duces Tecum* Directed to Jennifer Moreland-Carter:** One Call will seek production of the following documents, paper, electronic, or otherwise, from Carter:

1. Documents relating to One Call's current or prospective customers, including the Fund and Matrix;

2. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current

or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

3. Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or Burch's retention, use, or disclosure thereof;

4. Documents relating to Burch's recruiting, hiring by, agreements with, services provided to, or involvement with AHP and/Cypress Care;

5. The employment materials or agreement materials exchanged between Burch and AHP, Cypress Care, and/or Carter.

**<u>Subpoenas *Duces Tecum* Directed to AHP and Cypress Care</u>:** One Call will seek production of the following documents, paper, electronic, or otherwise, from AHP and Cypress Care:

1. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

2. Documents pertaining to Burch and Carter, including, but not limited to, any agreements entered into between Burch/Carter and AHP/Cypress Care;

3. To the extent not already covered by Request No. 1, all documents relating to AHP and Cypress Care's recruitment and hiring of Burch, including, without limitation, communications with Burch, Carter, or any third party concerning Burch, the 2014 and 2011 Agreements, any other documents submitted to or from Burch, including Burch's resume and offer letter, Burch's written job description or other document concerning his responsibilities and assigned territory/accounts, any employment agreement, non-compete agreement, indemnity agreement, letter agreement, hold-harmless agreement, and any other agreement or contract between AHP/Cypress Care and Burch;

4. Burch's personnel file with AHP and/or Cypress Care;

5. The resumes submitted by Burch and/or Carter;

6. Documents relating to any One Call current or prospective One Call customer, including the Fund and Matrix, that was serviced by Burch as an employee of One Call.

7. Documents identifying the customers or accounts that Burch has been assigned to service, call on, sell to, promote to, and/or otherwise conduct business on behalf of AHP and/or Cypress Care;

8. Documents relating to or containing One Call's confidential information that was disclosed or used by Burch directly or indirectly, including, but not limited to, products, services, contracts, pricing, customer lists, customer

information, quotes, proposals, business plans, marketing or training materials, and business plans.

**Depositions**

**Jordan Burch:** One Call seeks to depose Burch at a mutually agreeable location in Florida on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix, since leaving One Call's employment; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

**Jennifer Moreland-Carter:** One Call seeks to depose Carter at a mutually agreeable location in California on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter; (d) Burch's retention, use, and/or disclosure of One Call's

confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

**Corporate Designee of Advanced Hearing Providers:** One Call seeks to depose a corporate designee or designees of AHP at a mutually agreeable location in California (the state in which AHP Care maintains in corporate offices) on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers since leaving One Call's employment, or his assistance to others to do so; and (f) the documents produced in the case.

**Corporate Designee of Cypress Care:** One Call seeks to depose a corporate designee or designees of Cypress Care at a mutually agreeable location in Georgia (the state in which Cypress Care maintains in corporate offices) on the following limited topics: (a) the work Burch is currently performing, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others

to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by Cypress Care, AHP, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

## III. ARGUMENT

### A. <u>This Court Has Broad Discretion to Order Expedited Discovery.</u>

This Court has broad discretion to control discovery under Federal Rule of Civil Procedure 26. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); Fed. R. Civ. P. 26 (b)-(c); *see also Nassau Terminals*, 1999 U.S. Dist. LEXIS 23782, at *3 ("[Rule 26] grant[s] broad discretion to the court to alter timing, sequence, and volume of discovery requests."). Rule 30 provides that the Court may allow a plaintiff "to take a deposition before the time specified in Rule 26(d)." Fed. R. Civ. P. 30(2)(c). Rules 34 also grants the Court authority to permit a party to serve discovery before the Rule 26(f) conference and to shorten the time a defendant has to respond to written discovery. Fed. R. Civ. P. 34(b).

Expedited discovery is permitted when the moving party shows "good cause" for its need. *Nassau Terminals*, 1999 U.S. Dist. LEXIS 237821, at *3. Generally, good cause exists and "expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *FILA Sports v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983).

"Good cause may be found where the need for expedited discovery, in consideration of administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Eletron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *Biosense Webster*, 2013 U.S. Dist. LEXIS 53071, at *4-5 (citing *Wash. Metro. Area Trans. Auth.*, 234 F.R.D. at 6).

Good cause exists where, as here, a party is seeking injunctive relief to avoid or limit further irreparable harm. *See, e.g., Thyssenkrupp Elevator Corp. v. Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3 (M.D. Fla. May 10, 2013) (granting expedited discovery because "the Parties have identified the nature of the discovery sought and narrowly tailored the discovery to the preliminary injunction Motion at issue."); *CFTC v. Brickell Key Fin., LLC*, 2006 U.S. Dist. LEXIS 97093 (S.D. Fla. July 14, 2006) (ordering expedited discovery and subsequently entering a preliminary injunction).

For the reasons set forth below, and in One Call's Verified Complaint and Motion for Preliminary Injunction filed contemporaneously and incorporated herein by reference, this Court should exercise its discretion to alter the normal discovery procedures set forth by the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

**B. <u>Expedited Discovery is Warranted in this Case.</u>**

There is good cause for this Court to order the expedited discovery requested by One Call.

*First*, contemporaneous with this Motion, One Call has filed a motion for preliminary injunctive relief. Thus, a motion for a preliminary injunction is pending. The Motion demonstrates that Burch is working for One Call's direct competitor, and has solicited at least two customers of One Call with whom he worked closely – all in violation of his post-employment restrictive covenants.

*Second*, the discovery sought by One Call is narrowly tailored to obtain evidence from Burch, Carter, AHP, and Cypress Care that is readily available to them. These parties are being asked to produce basic documents and information related to Burch's employment by or involvement with a One Call competitor, including AHP and Cypress Care, and his solicitation of One Call's customers, including the Fund and Matrix, or assistance to others to do so. The time frame covered by the requests is just over two months. In terms of the depositions, One Call seeks to depose only four witnesses (Burch, Carter, and corporate designees from AHP and Cypress Care) on an expedited basis concerning only the narrow lines of inquiry set forth above. *See* Section II, *supra*.

*Third*, Burch is already serving as the Vice President of competitor AHP, meeting with another competitor, Cypress Care, and known to have solicited two of the One Call customers with whom he worked closely at One Call. Nevertheless, he lied to One Call – misrepresenting that he is still unemployed and is looking for work. The harm Burch is causing will only be compounded, and Burch will only be rewarded for his false statements

and surreptitious behavior, if One Call cannot quickly discover the full extent of his misconduct.

The email inadvertently sent to Burch's One Call email account establishes that Burch has solicited, and is soliciting, the Fund, a key customer of One Call that Burch had extensive contact with as an employee of One Call. Burch's direct solicitation of a Matrix decisionmaker is similarly outrageous. One Call now knows that Burch retained possession of its Audiology Business Plan when he left One Call. In total, Burch has or inevitably will unlawfully use One Call's confidential information – such as its business strategies, product information, pricing, pricing methodology, sales and marketing information, and the like – to assist his new employer, AHP, and Cypress Care – direct competitors of One Call – in the solicitation and diversion of business generated from the Fund, Matrix, and others. Burch is also trading upon the goodwill One Call developed over many years and great expense in developing a working relationship with the Fund and Matrix, to One Call's detriment and the benefit of Burch and One Call's competitors.

Further, with Burch having solicited the Fund and Matrix, despite having post-employment obligations to the contrary, and having accepted employment with a competitor without notice, despite having a contractual obligation to notify One Call in writing prior to engaging in competitive activity, it is highly likely – if not an absolute certainty – that Burch will continue to compete with One Call and solicit other One Call customers with One Call's confidential information and goodwill in hand.

This evidence is sufficient to warrant that Burch be enjoined from further violating his post-employment obligations. However, to understand the full extent of Burch's

breaches, and even begin to mitigate the harm that Burch has caused, expedited discovery is warranted so that Burch's surreptitious and unlawful conduct can be understood and addressed. Courts routinely permit expedited discovery in similar circumstances to allow the plaintiff and the Court an understanding of the employee's unlawful conduct. *See, e.g., Hospitalists Mgmt. Group, LLC v. Fla. Med. Affiliates, Inc.*, 2014 U.S. Dist. LEXIS 77257, at *4-5 (M.D. Fla. June 6, 2014) (permitting expedited discovery to understand extent of the defendant's misuse of proprietary information); *Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3 (permitting expedited discovery "to determine the nature and extent of the alleged proprietary and/or confidential information [], the nature and extent of any specialized training [], the nature and extent of [the employer's] relationships with its customers, and the precise nature of [the employee's] relationship with [his new employer/competitor]."); *see also Advanced Portfolio Technologies, Inc. v. Advanced Portfolio Technologies, Ltd.*, 1994 U.S. Dist. LEXIS 18457, at *9 (S.D.N.Y. Dec. 28, 1994) (holding that plaintiff's contention that defendant "misused confidential or proprietary information does sufficiently support the requested expedited discovery").[1]

The Court's discretion to grant this expedited discovery extends to third parties that are intricately involved in the dispute (such as a competitor that hires an employee in

[1] To the extent that the Court schedules the preliminary injunction hearing after the expedited discovery would be due, or determines that additional discovery is needed before the preliminary injunction hearing, it is also well established that expedited discovery better enables the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing. *Hospitalists Mgmt. Group*, 2014 U.S. Dist. LEXIS 77257, at *4-5; *Biosense Webster*, 2013 U.S. Dist. LEXIS 53071, at *4-5; *Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3; *see also Moscony v. Quaker Farms, LP*, 2000 U.S. Dist. LEXIS 17772, at *9 (E.D.Pa. Dec. 8, 2000); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984); *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996).

breach of his/her post-employment obligations) or former employees with knowledge on relevant factual matters. *See, e.g., Hospitalists Mgmt.*, 2014 U.S. Dist LEXIS 77257, at *6 (ordering the deposition of a physician formerly employed by the defendant and not named as a party); *Thyssenkrupp Elevator*, 2013 U.S. Dist. LEXIS 66949, at *4 (granting request by former employer to depose, on an expedited basis, a non-party competitor that employed the former employee); *Malibu Media , LLC v. Doe*, 2014 U.S. Dist. LEXIS 137273, at *2-3 (M.D. Fla. Sep. 27, 2014) (ordering non-party IP providers to disclose documents and information in expedited discovery); *Fila Sports, Inc. v. Kitchen*, 548 F. Supp. 248, (S.D. Fla. 1982) (ordering non-parties in the possession of counterfeit goods to respond to written discovery requests in expedited discovery).

*Fourth*, in light of Burch's flagrant breaches of his post-employment obligations, One Call is likely to suffer further irreparable injury if it is not given the opportunity to quickly assess the evidence relevant to its claims and take quick and appropriate action. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Schwartz*, 991 F. Supp. 1480, 1482 (M.D. Ga. 1998) ("[I]n the rush to solicit clients ... even a few days can suffice to cause irreparable injury in the way of lost clients and reputation in the community.").

By contrast, Burch, and third parties Carter, AHP, and Cypress Care, face no prejudice by being compelled to sit for depositions and produce a limited documents, covering a short time frame, related to Burch's employment by or involvement with AHP and/or Cypress Care. There is no question that these individuals/entities should have to submit to depositions and produce documents at some point during the case, as the information sought by One Call is clearly relevant. Thus, the only question is not *if* this

discovery will occur, but *when* it occurs. Mere inconvenience related to the timing of the limited discovery sought should not constitute a basis of prejudice that outweighs One Call's need for this evidence. And, respectfully, this Court should keep in mind that any inconvenience asserted by these parties should be received with skepticism because they have brought this litigation on themselves. Burch knew full well that he has a one year restriction from soliciting One Call customers and pursuing competitive activities with a competitor. That's exactly why he sought to hide his new position from One Call. Burch should have put the third parties on notice of his agreements and, moreover, should have told One Call from the outset, as he was contractually required to do. The third-parties, including Carter (a former co-worker of Burch), knew or should have known that Burch owed One Call strict post-employment obligations, and, by hiring Burch and otherwise involving him in the solicitation of two key One Call customer, these third-parties have left One Call with no other choice but to seek immediate relief and discovery concerning his activities.

Further, any potential prejudice to Burch and the third-parties from expedited discovery is far outweighed by the irreparable and incalculable injury to One Call if Burch's material breaches are left undiscovered and unchecked, or the One Call business plan is allowed to remain in Burch's hands unchecked. Burch should not be permitted to delay disclosing the full extent of his breaches, even as he continues to compete head to head with One Call, solicit One Call's customers (including the Fund and Matrix), and uses or otherwise discloses One Call's confidential information and goodwill to the benefit of One Call's competitors. In light of the urgent situation and the irreparable harm that

One Call will suffer in the absence of judicial assistance, One Call respectfully requests that the Court exercise its broad discretion to order expedited discovery.

*Finally*, it is important to note that, but for the inadvertence of Carter in sending an email to Burch's One Call email account, and a customer's candor, One Call would have been completely in the dark about Burch's conduct that is in clear breach of his post-employment obligations. Burch has a strict contractual obligation under Section 5.d of the 2014 Agreement to notify One Call of activity that could potentially violate these obligations. He did not. Then, he lied about his employment status. Burch's complete disregard of the notice obligation and the truth makes clear that Burch will not voluntarily disclose the extent of his current activities. It is critical that One Call be permitted the opportunity to conduct expedited discovery so that it will have a full understanding of Burch's current activities and seek to mitigate the harm. Moreover, with expedited discovery, the Court will be in the best position to determine and protect the parties' respective interests in this matter. Otherwise, Burch may be able to thwart One Call's ability to fully protect its legitimate interests simply by "hiding the ball."

## IV. CONCLUSION

One Call respectfully asks this Court to enter an Order requiring: (1) Burch to respond to the attached Requests for Production, and produce all responsive documents, within five (5) calendar days of service of the Court's Order; (2) Carter, AHP, and Cypress Care to respond to the attached Subpoenas *Duces Tecum* and produce all responsive documents within seven calendar (7) days of service of the Subpoenas; (3) Burch, Carter, and corporate designees of AHP and Cypress Care to submit to depositions as specified in the Deposition Notices and/or Subpoenas attached to the Motion at such other time as

agreed between One Call and the witnesses within (10) calendar days of entry of this Court's Order (Burch) or within ten (10) calendar days of service of a subpoena (third parties); and (4) Burch, Carter, AHP, and Cypress Care to preserve all potentially relevant evidence stored on business and personal computers, laptops, iPads, handheld devices, smart phones, and similar electronic devices, cloud accounts, and email accounts pending resolution of this action or further order by the Court. (See Composite Exhibit 1 attached hereto)

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to M.D. Fla. Loc. R. 3.01(g), Defendant's counsel states as follows:

Plaintiff's counsel could not confer with Defendant's counsel before filing this Motion was filed along with the Verified Complaint, in light of the irreparable harm being caused by Defendant and Defendant's surreptitious behavior, and Defendant has not yet identified his counsel. Plaintiff's counsel is requesting that Defendant have his counsel contact Plaintiff's counsel. Upon the identification of Defendant's counsel, Plaintiff's counsel will promptly confer with Defendant's counsel and supplement this certification.

Dated: January 11, 2016

Respectfully submitted,

By: ______________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
kevance@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*