# COMPOSITE EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | | |
|---|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. ________________ |

**PLAINTIFF'S NOTICE OF DEPOSITION (EXPEDITED)**
**DIRECTED TO DEFENDANT, JORDAN BURCH**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order regarding expedited discovery, Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), will take the expedited deposition upon oral examination of **Defendant, Jordan Burch** ("Defendant" or "Burch"), at the **Omni Jacksonville Hotel, 245 Water Street, Jacksonville, Florida 32202**, or such other location as may be mutually agreed to by the parties, commencing on an agreed upon date within ten (10) calendar days of entry and service of the Order. The deposition will be taken before a notary public or other officer duly authorized to administer oaths and take live testimony, and will be recorded by stenographic means and may be audiotaped and/or videotaped.

The length of this expedited deposition will count against the total seven (7) hours permitted under the Federal Rules of Civil Procedure, but will not preclude another deposition of Defendant outside of the context of expedited discovery.

PLEASE TAKE FURTHER NOTICE THAT the deposition will cover the following topics: (1) the work you have performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including Advanced Hearing Providers ("AHP") and Cypress Care, and your assistance to other to compete with One Call since leaving One Call's employment; (2) your post-employment involvement with One Call's current and prospective customers, including the California State Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix"), since leaving One Call's employment; (3) the circumstances and terms surrounding your hiring or retention by AHP, Cypress Care, and/or Jennifer Moreland-Carter; (4) your retention, use, and/or disclosure of One Call's confidential information; (5) your actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (6) the documents produced in the case.

PLEASE TAKE FURTHER NOTICE THAT Plaintiff reserves the right to use the deposition of Defendant for the purposes of trial and any pre-trial proceeding or motion, including any audio and/or video recording of the deposition.

Dated: January ___, 2016

Respectfully submitted,

By: ______________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E Vance, do hereby certify that a true and correct copy of the foregoing Notice of Deposition (Expedited) directed to Defendant Jordan Burch was served by First Class U.S. Mail, postage prepaid, and by e-mail on the below listed date, upon following:

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068
jburch@yourhearingprovider.com
*Defendant*

______________________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6558038.1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. ____________

**PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION (EXPEDITED)**
**DIRECTED TO ADVANCED HEARING PROVIDERS**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

Advanced Hearing Providers
572 Rio Lindo Avenue,
Suite 202,
Chico, California 95926

PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order regarding expedited discovery, Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), will take the expedited deposition upon oral examination of **Advanced Hearing Providers ("AHP")**, through its identified designee(s), at the offices of **Duane Morris LLP, Spear Tower, One Market Plaza, Suite 2200, San Francisco, California 94105**, or such other location as may be mutually agreed to by the parties and AHP, commencing on an agreed upon date within ten (10) calendar days of entry and service of the Order. The deposition(s) will be taken before a notary public or other officer duly authorized to administer oaths and take testimony, and will be recorded by stenographic means and may also be audiotaped and/or

videotaped. The length of this expedited deposition will count against the total seven (7) hours permitted under the Federal Rules of Civil Procedure, but will not preclude another deposition of AHP outside of the context of expedited discovery.

PLEASE TAKE FURTHER NOTICE THAT a list of the topics to be covered during the deposition(s), pursuant to the Court's Order on expedited discovery is listed as follows:

1. the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others to compete with One Call, since leaving One Call's employment;

2. Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix;

3. the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements;

4. Burch's retention, use, and/or disclosure of One Call's confidential information;

5. Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and

6. the documents produced in this case.

Please designate that person or those person most knowledgeable to testify on these topics and ensure that the person/persons is prepared to fully respond to each topic.

PLEASE TAKE FURTHER NOTICE THAT One Call reserves the right to use the deposition of AHP's Rule 30(b)(6) designee(s) for the purposes of trial and any pre-trial proceeding or motion, including any audio and/or video recording of the deposition(s).

You are invited to attend and participate.

Dated: January ___, 2016

By: ______________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E. Vance, Esq., do hereby certify that a true and correct copy of the foregoing Notice of Rule 30(b)(6) Deposition (Expedited) Directed to Advanced Hearing Providers was served in the manner specified below on the below listed date upon following:

VIA EMAIL AND FIRST CLASS U.S. MAIL (POSTAGE PREPAID):

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

VIA HAND DELIVERY BY A PROCESS SERVER:

Advanced Hearing Providers
572 Rio Lindo Avenue, Suite 202
Chico, California 95926

______________________________
Kevin E. Vance

Dated: January __, 2016

DM1\6558297.1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| MSC GROUP, INC., d/b/a One Call Care Mgmt.<br>*Plaintiff*<br>v.<br>Jordan Burch<br>*Defendant* | ) | Civil Action No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Advanced Hearing Providers, 572 Rio Lindo Avenue, Suite 202, Chico, CA 95926

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The list of topics to be covered in the deposition is set forth in the accompanying Notice of Deposition (Expedited).

| Place: | Date and Time: |
|---|---|
| Duane Morris, LLP<br>Spear Tower, One Market Plaza, Suite 2200<br>San Francisco, California 94105 | |

The deposition will be recorded by this method: Stenographical and audiographicaln and/or videographical.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:

Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Advanced Hearing Providers
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | |
|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | Civil Action No. ______________ |

**PLAINTIFF'S NOTICE OF DEPOSITION (EXPEDITED)**
**<u>DIRECTED TO MS. JENNIFER MORELAND-CARTER</u>**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, OR 97068

Jennifer Moreland-Carter
30 Palatine
Irvine, CA 92612

PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order regarding expedited discovery, Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), will take the deposition upon oral examination of **Ms. Jennifer Moreland-Carter**, at the offices of **Duane Morris LLP, 865 South Figueroa Street, Suite 3100, Los Angeles, California 90017**, or such other location as may be mutually agreed to by the parties and Ms. Moreland-Carter, commencing on an agreed upon date within ten (10) calendar days of entry and service of the Order. The deposition will be taken before a notary public or other officer duly authorized to administer oaths and take live testimony, and will be recorded by stenographic means and may be

audiotaped and/or videotaped. The length of this expedited deposition will count against the total seven (7) hours permitted under the Federal Rules of Civil Procedure, but will not preclude another deposition of the witness outside of the context of expedited discovery.

PLEASE TAKE FURTHER NOTICE THAT the deposition will cover the following topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including Advance Hearing Providers ("AHP") and Cypress Care, and Burch's assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix"); (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or you; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or his assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in this case.

PLEASE TAKE FURTHER NOTICE THAT Plaintiff reserves the right to use the deposition of Ms. Moreland-Carter for the purposes of trial and any pre-trial proceeding or motion, including any audio and/or video recording of the deposition.

You are invited to attend and participate.

Dated: January ___, 2016

Respectfully submitted,

By: ______________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E. Vance, Esq., do hereby certify that a true and correct copy of the foregoing Notice of Deposition (Expedited) Directed to Ms. Jennifer Moreland-Carter was served in the manner specified below on the below listed date upon following:

VIA EMAIL AND FIRST CLASS U.S. MAIL (POSTAGE PREPAID):

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068
jburch@yourhearingprovider.com
*Defendant*

VIA HAND DELIVERY BY A PROCESS SERVER:

Ms. Jennifer Moreland-Carter
30 Palatine
Irvine, CA 92612

_______________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6558572.1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| MSC GROUP, INC., d/b/a One Call Care Mgmt. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Jordan Burch | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jennifer Moreland-Carter, 30 Palatine, Irvine, CA 92612

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The list of topics to be covered in the deposition is set forth in the accompanying Notice of Deposition (Expedited).

| Place: Duane Morris, LLP<br>865 South Figueroa Street, Suite 3100<br>Los Angeles, CA 90017 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Stenographical and audiographicaln and/or videographical.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:

Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Ms. Jennifer Moreland-Carter
on *(date)* ________________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ____________________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**Jacksonville Division**

| | |
|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | Civil Action No. ______________ |

**PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION (EXPEDITED)**
**DIRECTED TO CYPRESS CARE**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

Cypress Care
2736 Meadow Church Rd.
Suite 300
Duluth, Georgia 30097

PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order regarding expedited discovery, Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), will take the deposition upon oral examination of **Cypress Care**, through its identified designee(s), at the offices of **Duane Morris LLP, 1075 Peachtree Street NE, Suite 2000, Atlanta, Georgia 30309**, or such other location as may be mutually agreed to by the parties and AHP, commencing on an agreed upon date within ten (10) calendar days of entry and service of the Order. The deposition(s) will be taken before a notary public or other officer duly authorized to administer oaths and take testimony, and will be recorded by stenographic means and may also be audiotaped and/or videotaped. The length of this expedited deposition will count against

the total seven (7) hours permitted under the Federal Rules of Civil Procedure, but will not preclude another deposition of the witness outside of the context of expedited discovery.

PLEASE TAKE FURTHER NOTICE THAT a list of the topics to be covered during the deposition(s), pursuant to the Court's Order on expedited discovery is listed as follows:

1. the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others to compete with One Call, since leaving One Call's employment;

2. Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix;

3. the circumstances and terms surrounding Burch's hiring or retention by Cypress Care, AHP, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements;

4. Burch's retention, use, and/or disclosure of One Call's confidential information;

5. Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and

6. the documents produced in this case.

Please designate that person or those person most knowledgeable to testify on these topics and ensure that the person/persons is prepared to fully respond to each topic.

PLEASE TAKE FURTHER NOTICE THAT One Call reserves the right to use the deposition of Cypress Care's Rule 30(b)(6) designee(s) for the purposes of trial and any pre-trial proceeding or motion, including any audio and/or video recording of the deposition(s).

You are invited to attend and participate.

Dated: January ___, 2016

By: ______________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E. Vance, Esq., do hereby certify that a true and correct copy of the foregoing Notice of Deposition (Expedited) Directed to Cypress Care was served in the manner specified below on the below listed date upon following:

VIA EMAIL AND FIRST CLASS U.S. MAIL (POSTAGE PREPAID):

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068
jburch@yourhearingprovider.com
*Defendant*

VIA HAND DELIVERY BY A PROCESS SERVER:

Cypress Care
2736 Meadow Church Road
Suite 300
Duluth, Georgia 30097

____________________________
Kevin E. Vance

Dated: January __, 2016

DM1\6558541.1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| MSC GROUP, INC., d/b/a One Call Care Mgmt. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Jordan Burch | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Cypress Care, 2736 Meadow Church Road, Suite 300, Duluth, Georgia 30097

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
The list of topics to be covered in the deposition is set forth in the accompanying Notice of Deposition (Expedited).

| Place: Duane Morris, LLP<br>2736 Meadow Church Rd. Suite 300<br>Duluth, Georgia 30097 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Stenographical and audiographicaln and/or videographical.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:
Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Cypress Care
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

__________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

__________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. ________________

**PLAINTIFF'S REQUESTS (EXPEDITED) FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT**

PLEASE TAKE NOTICE, that pursuant to Federal Rule of Civil Procedure 34, and in accordance with the Court's Order on Expedited Discovery (the "Order," attached hereto as Exhibit "A"), Plaintiff hereby requests that Defendant produce the following documents for inspection and copying, in accordance with the definitions and instructions set forth below, at the offices of Duane Morris LLP, LLC, 200 South Biscayne Boulevard, Suite 3400, Miami, FL 33131, within five (5) calendar days of service on Defendant of the Order.

**DEFINITIONS, RULES OF CONSTRUCTION, AND TERMS OF PURPOSE**

1. The terms "Defendant," "Burch," "you," or "your" shall mean Defendant, Jordan Burch, an adult individual last known to reside at 1891 Radcliffe Court, West Linn, Oregon, 97068, and all others acting on your behalf or at your direction.

2. The terms "One Call" or "Plaintiff" refer to Plaintiff MSC Group, Inc., d/b/a One Call Care Management, together with its assigns, predecessors, successors, parents, subsidiaries, divisions, and affiliates and each of its present and former officers, directors, employees, agents, and all persons acting or purporting to act for and/or on its behalf.

3. The term "Carter" shall mean Jennifer Moreland-Carter, an adult individual last known to reside in California, and all others acting on her behalf or at her direction.

4. The term "AHP" shall mean Advanced Hearing Providers, with corporate offices located at 572 Rio Lindo Avenue, Suite 202, Chico, California 95926, together with its assigns, predecessors, successors, parents, subsidiaries, divisions, and affiliates and each of its present and former officers, directors, employees, agents, and all persons acting or purporting to act for and/or on its behalf.

5. The term "Cypress Care" shall mean Cypress Care, with corporate offices located at 2736 Meadow Church Road, Suite 300, Duluth, Georgia 30097, together with its assigns, predecessors, successors, parents, subsidiaries, divisions, and affiliates and each of its present and former officers, directors, employees, agents, and all persons acting or purporting to act for and/or on its behalf.

6. The term "document" or "documents" means the original and all copies thereof which are different in any way from the original (whether by interlineations, receipt stamps, notation, indication of copies sent or received or otherwise), and all attached or annexed material to any written, typewritten, handwritten, printed, graphic or

photographic or recorded material, as well as all computer data files, cloud account data, tapes, discs, inputs or outputs, and other computer-readable records or programs, transcripts and copies and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody, or control. The term "document" or "documents," shall specifically include, but not be limited to, correspondence, telexes, electronic mail, memoranda, or records of meetings, conferences or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, accounting records of any kind, state or federal filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs, and photographic films, sound recording tapes, phonograph records, video tapes, compact discs, DVDs, voicemails, instant messages, data from Personal Data Assistants (PDAs), Blackberry devices, iPhones, smart phones, data or voice messages stored on cellular telephones, smart phones, or cloud accounts, text messages, data or data compilations from which information can be obtained or can be translated into a form reasonably useable, as well as any contracts or agreements, and records of every kind and type, including any information, formerly or presently kept by any method of electronic data processing or magnetic tape storage medium, including the printed output of such electronic data processing or magnetically stored information.

7. The following terms of production apply throughout these document requests and to all discovery requests:

a. As to any document which is no longer in your possession, custody, or control, or which no longer exists, you shall identify: (i) the date and type

of such document; (ii) the name and address of its author and addressee(s); (iii) the name and address of each person to whom copies of the document were furnished or to whom the contents thereof were communicated; (iv) a summary of the substance of the document; and (v) whether it is missing, lost, destroyed or transferred or why it is otherwise unavailable.

b. If any document is withheld on the basis of the attorney-client privilege, work product doctrine or any other privilege or doctrine, you shall identify: (i) the date and type of such document; (ii) the name and address of its author and addressee(s); (iii) the name and address of the person who has custody of such document; (iv) a summary of the substance of such document; (v) the nature of the objection; and (vii) the basis of the objection including the reason for the preparation of the document.

8. All documents are to be produced as they are kept in the ordinary course of business so that the undersigned can ascertain the files in which the documents were kept, how such files are maintained, and the relative order of the documents within such files.

**DOCUMENT REQUESTS**

Please produce the following categories of documents in your possession, custody, or control:

1. All Documents relating to One Call's current or prospective customers, including, but not limited to, the California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix").

2. All Documents relating to your communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including, but not limited to, the Fund or Matrix, since your last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so.

3. All Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or your retention, use, or disclosure thereof.

4. All Documents relating to your recruiting, hiring by, agreements with, services provided to, or involvement with AHP, Cypress Care, and/or Carter.

5. The employment materials (*e.g.*, resumes, applications, etc.) or agreement materials (*e.g.*, employment agreements, indemnification agreements, etc.) exchanged between you and AHP, Cypress Care, and/or Carter.

Dated: January ___, 2016

By: ______________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E. Vance, do hereby certify that a true and correct copy of Plaintiff's Requests (Expedited) for the Production of Documents was served by First Class U.S. Mail, postage prepaid, and by e-mail on the below listed date, upon following:

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068
jburch@yourhearingprovider.com
*Defendant*

____________________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6557701.1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | |
|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | Civil Action No. ______________ |

**PLAINTIFF'S NOTICE OF SUBPOENA *DUCES TECUM* (EXPEDITED)**
**<u>DIRECTED TO ADVANCED HEARING PROVIDERS</u>**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

PLEASE TAKE NOTICE THAT pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, and pursuant to the Court's Order regarding expedited discovery, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), by and through its counsel listed below, will issue the subpoena to produce documents attached hereto as Exhibit A on non-party Advanced Hearing Providers ("AHP") within seven (7) calendar days of service of the Order.

Dated: January ___, 2016

Respectfully submitted,

By:________________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E Vance, do hereby certify that a true and correct copy of the foregoing Notice of Subpoena *Duces Tecum* (Expedited) directed to non-party Advanced Hearing Providers was served via First Class U.S. Mail, postage prepaid, and by e-mail, on the below listed date, upon following:

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

____________________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6558188.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| MSC GROUP, INC., d/b/a One Call Care Mgmt.<br>*Plaintiff*<br>v.<br>Jordan Burch<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Advanced Hearing Providers, 572 Rio Lindo Avenue, Suite 202, Chico, CA 95926

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule "A".

| Place: Duane Morris LLP<br>200 South Biscayne Boulevard, Suite 3400<br>Miami, FL 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:

Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Advanced Hearing Providers
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________

______________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________

______________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________
*Server's signature*

______________
*Printed name and title*

______________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE "A" TO SUBPOENA *DUCES TECUM* (EXPEDITED)**
**DIRECTED TO ADVANCED HEARING PROVIDERS ("AHP")**

1. Documents pertaining to Defendant Jordan Burch ("Burch") and Ms. Jennifer Moreland-Carter ("Carter"), including, but not limited to, any agreements entered into between Burch/Carter and AHP;

2. To the extent not already covered by Request No. 1, all documents relating to AHP's recruitment and hiring of Burch, including, without limitation, communications with Burch, Carter, or any third party concerning Burch, his employment agreements with Plaintiff MSC Group, Inc., d/b/a One Call Care Management ("One Call"), any other documents submitted to or from Burch, including Burch's resume and offer letter, Burch's written job description or other document concerning his responsibilities and assigned territory/accounts, any employment agreement, non-compete agreement, indemnity agreement, letter agreement, hold-harmless agreement, and any other agreement or contract between AHP and Burch;

3. Burch's personnel file with AHP;

4. The resumes submitted by Burch and/or Carter;

5. Documents relating to any One Call current or prospective One Call customer, including the California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix"), that was serviced by Burch as an employee of One Call;

6. Documents identifying the customers or accounts that Burch and/or Carter have been assigned to service, call on, sell to, promote to, and/or otherwise conduct business on behalf of AHP;

7. Documents relating to or containing One Call's confidential information that was disclosed by Burch and/or Carter, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | |
|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | Civil Action No. ________________ |

**PLAINTIFF'S NOTICE OF SUBPOENA *DUCES TECUM* (EXPEDITED)**
**DIRECTED TO MS. JENNIFER MORELAND-CARTER**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

PLEASE TAKE NOTICE THAT pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, and pursuant to the Court's Order regarding expedited discovery, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), by and through its counsel listed below, will issue the subpoena to produce documents attached hereto as Exhibit A on non-party Jennifer-Moreland Carter within seven (7) calendar days of notice of the Order.

Dated: January ___, 2016

Respectfully submitted,

By:______________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E Vance, do hereby certify that a true and correct copy of the foregoing Notice of Subpoena *Duces Tecum* (Expedited) directed to non-party Jennifer Moreland-Carter was served via First Class U.S. Mail, postage prepaid, and by e-mail, on the below listed date, upon following:

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

______________________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6558560.1

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

MSC GROUP, INC., d/b/a One Call Care Mgmt.
*Plaintiff*
v.
Jordan Burch
*Defendant*

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ms. Jennifer Moreland-Carter, 30 Palatine, Irvine, CA 92612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule "A".

| Place: Duane Morris LLP<br>200 South Biscayne Boulevard, Suite 3400<br>Miami, FL 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

_________________________ *Signature of Clerk or Deputy Clerk*

_________________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:

Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Ms. Jennifer Moreland-Carter

on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: __________

__________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: __________

__________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

__________

*Server's signature*

__________

*Printed name and title*

__________

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE "A" TO SUBPOENA *DUCES TECUM* (EXPEDITED)**
**DIRECTED TO MS. JENNIFER MORELAND-CARTER**

1. Documents relating to One Call's current or prospective customers, including the California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix").

2. Documents relating to Burch's communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including the Fund or Matrix, since his last day of employment with One Call, or assistance to any other person or company, including Advanced Hearing Providers ("AHP"), Cypress Care, and/or you to do so.

3. Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or Burch's retention, use, or disclosure thereof.

4. Documents relating to Burch's recruiting, hiring by, agreements with, services provided to, or involvement with AHP and/Cypress Care.

5. The employment materials or agreement materials exchanged between Burch and AHP, Cypress Care, and/or you.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. ______________

**PLAINTIFF'S NOTICE OF SUBPOENA *DUCES TECUM* (EXPEDITED)**
**DIRECTED TO CYPRESS CARE**

TO: Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

PLEASE TAKE NOTICE THAT pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, and pursuant to the Court's Order regarding expedited discovery, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), by and through its counsel listed below, will issue the subpoena to produce documents attached hereto as Exhibit A on non-party Cypress Care within seven (7) calendar days of service of the Order.

Dated: January ___, 2016

Respectfully submitted,

By:______________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
kevance@duanemorris.com
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**CERTIFICATE OF SERVICE**

I, Kevin E Vance, do hereby certify that a true and correct copy of the foregoing Notice of Subpoena *Duces Tecum* (Expedited) directed to non-party Cypress Care was served via First Class U.S. Mail, postage prepaid, and by e-mail, on the below listed date, upon following:

Jordan Burch
1891 Radcliffe Court
West Linn, Oregon, 97068

__________________________
Kevin E. Vance, Esq.

Dated: January ___, 2016

DM1\6558500.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

MSC GROUP, INC., d/b/a One Call Care Mgmt.
*Plaintiff*
v.
Jordan Burch
*Defendant*

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cypress Care, 2736 Meadow Church Road, Suite 300, Duluth, Georgia 30097

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule "A".

| Place: Duane Morris LLP<br>200 South Biscayne Boulevard, Suite 3400<br>Miami, FL 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________________ *Signature of Clerk or Deputy Clerk*

______________________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MSC GROUP, INC., d/b/a One Call Care Mgmt. , who issues or requests this subpoena, are:

Kevin E. Vance, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131; (305) 960-2311; kevance@duanemorris.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Cypress Care
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________

______________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________

______________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________
*Server's signature*

______________
*Printed name and title*

______________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE "A" TO SUBPOENA *DUCES TECUM* (EXPEDITED)**
**DIRECTED TO CYPRESS CARE**

1. Documents pertaining to Defendant Jordan Burch ("Burch"), Advanced Hearing Providers ("AHP"), and Ms. Jennifer Moreland-Carter ("Carter"), including, but not limited to, any agreements entered into between Burch/Carter and Cypress Care;

2. To the extent not already covered by Request No. 1, all documents relating to Cypress Care's recruitment and hiring of Burch, including, without limitation, communications with Burch, Carter, or any third party concerning Burch, his employment agreements with Plaintiff MSC Group, Inc., d/b/a One Call Care Management ("One Call"), any other documents submitted to or from Burch, including Burch's resume and offer letter, Burch's written job description or other document concerning his responsibilities and assigned territory/accounts, any employment agreement, non-compete agreement, indemnity agreement, letter agreement, hold-harmless agreement, and any other agreement or contract between Cypress Care and Burch;

3. Burch's personnel file with Cypress Care;

4. The resumes submitted by Burch and/or Carter;

5. Documents relating to any One Call current or prospective One Call customer, including the California State Compensation Insurance Fund (the "Fund") and Matrix Absence Management ("Matrix"), that was serviced by Burch as an employee of One Call;

6. Documents identifying the customers or accounts that Burch and/or Carter have been assigned to service, call on, sell to, promote to, and/or otherwise conduct business on behalf of Cypress Care;

7. Documents relating to or containing One Call's confidential information that was disclosed by Burch and/or Carter, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

MSC GROUP, INC.
d/b/a ONE CALL CARE MANAGEMENT,

Plaintiff,

v.

JORDAN BURCH,

Defendant.

Civil Action No. ________________

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 45, hereby submits its Motion for Expedited Discovery and Incorporated Memorandum of Law (the "Motion"). In support thereof, One Call avers as follows:

1. One Call has filed a Verified Complaint, Motion for a Preliminary Injunction and Incorporated Memorandum of Law, and the Affidavits of Samuel Hillman and Amber Unruh contemporaneously with this Motion.

2. This Court has broad discretion to control discovery and protect the parties before it under Federal Rule of Civil Procedure 26 (b)-(c).

3. Rule 30 provides that the Court may allow a plaintiff "to take a deposition before the time specified in Rule 26(d)." Fed. R. Civ. P. 30(2)(c).

4. Rule 34 grants the Court authority to permit a party to serve discovery before the Rule 26(f) conference and to shorten the time a defendant has to respond to written discovery. *See* Fed. R. Civ. P. 34(b).

5. Expedited discovery is permitted when the moving party shows "good cause" for its need. *Nassau Terminals, Inc. v. M/V Bering Sea*, 1999 U.S. Dist. LEXIS 23782, at *3 (M.D. Fla. Jul. 1, 1999).

6. Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, 2013 U.S. Dist. LEXIS 53071, at *4-5 (M.D. Fla. Apr. 12, 2013) (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Trans. Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

7. As more fully set forth below and in the Incorporated Memorandum of Law, there is sufficient good cause to permit the limited expedited discovery requested by One Call.

8. One Call is the nation's premier provider of specialized cost containment products, programs, and services to the workers' compensation industry throughout the United States. The cost containment market in which One Call conducts business is highly competitive.

9. One Call has brought this action seeking, *inter alia*, preliminary injunctive relief against its former high-level National Audiology Sales Director, Jordan Burch ("Defendant" or "Burch"), to prevent his surreptitious scheme to solicit and divert key One Call customers with whom he worked extensively at One Call, for the benefit of One Call competitors and himself, all in violation of his non-competition, non-solicitation, and confidentiality covenants.

10. As set forth in One Call's Verified Complaint, Motion for Preliminary Injunction, and the accompanying Affidavits, despite Burch's false statements to One Call attempting to hide his actions, One Call has learned that Burch is now the Vice President of Advanced Hearing Products ("AHP"), and has attempted to work with Cypress Care – both direct competitors of One Call. Since leaving One Call, Burch has solicited at least two customers with whom he worked closely at One Call -- California State Compensation Insurance Fund (the "Fund," one of the largest providers of worker's compensation insurance in the nation) and Matrix Absence Management ("Matrix," a nationwide company partnering with employers to provide customized management of benefit programs).

11. Equally as egregious, Burch is, it appears, using and disclosing the confidential and proprietary information he obtained as a high level employee of One Call to compete against One Call, directly and indirectly, and to undermine its competitive standing. Before the end of his One Call employment, Burch – unbeknownst to One Call – forwarded to his personal email account One Call's National Audiology Business Plan. Burch did not return the plan when he left One Call. Now, armed with One Call's business

plan, instead of honoring his contractual and other legal obligations in good faith, Burch almost immediately – and secretly – joined the ranks of One Call's competitors and began soliciting One Call's key customers.

12. At the same time that Burch was soliciting One Call customers and informing them of his new role as Vice President of One Call's competitor, behind One Call's back, Burch misrepresented to One Call that he is still unemployed and is looking for work. *See* Unruh Aff. ¶ 11.

13. Based on the foregoing evidence that One Call has already amassed by happenstance, there is already sufficient evidence to for this Court to grant the injunctive relief sought in One Call's pending Motion for Preliminary Injunction and enjoin Burch from flagrantly violating his on year non-competition and non-solicitation covenants, and prevent Burch from further divulging One's Call confidential information for his own benefit and the benefit of One Call's competitors.

14. In light of the Burch's surreptitious behavior, and the serious irreparable harm his actions are causing, to fully understand the extent of Burch's unlawful conduct and begin to attempt to mitigate the harm to One Call, expedited discovery is necessary. Burch has already shown in his repeated misrepresentations that he will not disclose his current and unlawful activities truthfully and voluntarily absent this Court's intervention and order.

15. Further, without the ability to immediately discover the extent of Burch's breaches, the harm Burch has already caused will be compounded, and he will be rewarded for his underhanded tactics.

16. One Call therefore respectfully requests that the Court permit One Call to engage in limited expedited discovery with respect to Burch's activities to-date in violation of his agreements. Specifically, One Call requests that Burch and the identified third-parties:

a. respond to the limited written discovery requests (Burch) and produce documents within five (5) calendar days of service of this Court's order;

b. respond to the limited subpoenas and produce documents (third parties) within seven (7) calendar days of service of the subpoenas; and

c. appear for all noticed depositions on an agreed upon date within ten (10) calendar days of entry of this Court's Order (Burch) or within ten (10) calendar days of service of a subpoena (third parties). The depositions shall be limited to the following topics: (i) the work Burch is currently performing in competition with One Call, including for and/or on behalf of AHP and Cypress Care; (ii) Burch's post-employment involvement with the Fund, Matrix, and any other "Covered Customers" of One Call, as that term is defined in Burch's agreement with One Call; (iii) the circumstances surrounding Burch's hiring or retention by AHP and/or Cypress Care; (iv) Burch's retention, use, and/or disclosure of One Call's confidential information; (v) Burch's direct or indirect solicitation of One Call current or prospective customers since leaving One Call's employment; and (vi) the documents requested and produced.

17. One Call respectfully requests that the Court's Order also require Burch and the identified third parties to preserve all potentially relevant evidence stored on business and personal computers, laptops, iPads, handheld devices, smart phones, and similar electronic devices, email accounts, and cloud accounts pending resolution of this action or further order by the Court.

## MEMORANDUM OF LAW

### I. RELEVANT FACTUAL BACKGROUND

To avoid unnecessary duplication, the factual background is set forth in great detail in the Affidavit of Samuel Hillman, Senior Vice President, Complex Division Sales, for One Call, and Affidavit of Amber Unruh, Account Executive for One Call, filed in support of One Call's Motion for Preliminary Injunction and Incorporated Memorandum of Law, and incorporated herein by reference in their entirety.

### II. THE LIMITED DISCOVERY SOUGHT BY ONE CALL

Given Burch's surreptitious behavior, the imminent need to obtain information about Burch's post-employment conduct, and the severity and extent of his conduct and harm, limited expedited discovery is necessary. One Call seeks only to obtain the following limited documents and information on an expedited basis at this time:

**Document Requests Directed to Jordan Burch:** One Call seeks the production of the following documents, paper, electronic, or otherwise, from Burch:

1. Documents relating to One Call's current or prospective customers, including the Fund and Matrix;

2. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

3. Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or Burch's retention, use, or disclosure thereof;

4. Documents relating to Burch's recruiting, hiring by, agreements with, services provided to, or involvement with AHP, Cypress Care, and/or Carter;

5. The employment materials or agreement materials exchanged between Burch and AHP, Cypress Care, and/or Carter.

**Subpoenas *Duces Tecum* Directed to Jennifer Moreland-Carter:** One Call will seek production of the following documents, paper, electronic, or otherwise, from Carter:

1. Documents relating to One Call's current or prospective customers, including the Fund and Matrix;

2. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current

or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

3. Documents relating to or containing One Call's confidential information, including, but not limited to, products, services, contracts, pricing, customer lists, customer information, quotes, proposals, business plans, marketing or training materials, and business plans, or Burch's retention, use, or disclosure thereof;

4. Documents relating to Burch's recruiting, hiring by, agreements with, services provided to, or involvement with AHP and/Cypress Care;

5. The employment materials or agreement materials exchanged between Burch and AHP, Cypress Care, and/or Carter.

**Subpoenas *Duces Tecum* Directed to AHP and Cypress Care:** One Call will seek production of the following documents, paper, electronic, or otherwise, from AHP and Cypress Care:

1. Documents relating to Burch's direct or indirect communications, contacts, solicitations, attempted solicitation or plans to contact or solicit any current or prospective customer of One Call, including the Fund or Matrix, since Burch's last day of employment with One Call, or assistance to any other person or company, including AHP, Cypress Care, and/or Carter to do so;

2. Documents pertaining to Burch and Carter, including, but not limited to, any agreements entered into between Burch/Carter and AHP/Cypress Care;

3. To the extent not already covered by Request No. 1, all documents relating to AHP and Cypress Care's recruitment and hiring of Burch, including, without limitation, communications with Burch, Carter, or any third party concerning Burch, the 2014 and 2011 Agreements, any other documents submitted to or from Burch, including Burch's resume and offer letter, Burch's written job description or other document concerning his responsibilities and assigned territory/accounts, any employment agreement, non-compete agreement, indemnity agreement, letter agreement, hold-harmless agreement, and any other agreement or contract between AHP/Cypress Care and Burch;

4. Burch's personnel file with AHP and/or Cypress Care;

5. The resumes submitted by Burch and/or Carter;

6. Documents relating to any One Call current or prospective One Call customer, including the Fund and Matrix, that was serviced by Burch as an employee of One Call.

7. Documents identifying the customers or accounts that Burch has been assigned to service, call on, sell to, promote to, and/or otherwise conduct business on behalf of AHP and/or Cypress Care;

8. Documents relating to or containing One Call's confidential information that was disclosed or used by Burch directly or indirectly, including, but not limited to, products, services, contracts, pricing, customer lists, customer

information, quotes, proposals, business plans, marketing or training materials, and business plans.

**Depositions**

**Jordan Burch:** One Call seeks to depose Burch at a mutually agreeable location in Florida on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix, since leaving One Call's employment; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

**Jennifer Moreland-Carter:** One Call seeks to depose Carter at a mutually agreeable location in California on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter; (d) Burch's retention, use, and/or disclosure of One Call's

confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

**Corporate Designee of Advanced Hearing Providers:** One Call seeks to depose a corporate designee or designees of AHP at a mutually agreeable location in California (the state in which AHP Care maintains in corporate offices) on the following limited topics: (a) the work Burch has performed or will perform, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care and his assistance to others to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by AHP, Cypress Care, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers since leaving One Call's employment, or his assistance to others to do so; and (f) the documents produced in the case.

**Corporate Designee of Cypress Care:** One Call seeks to depose a corporate designee or designees of Cypress Care at a mutually agreeable location in Georgia (the state in which Cypress Care maintains in corporate offices) on the following limited topics: (a) the work Burch is currently performing, directly or indirectly, for and/or on behalf of any competitor of One Call, including AHP and Cypress Care, and his assistance to others

to compete with One Call, since leaving One Call's employment; (b) Burch's post-employment involvement with One Call's current and prospective customers, including the Fund and Matrix; (c) the circumstances and terms surrounding Burch's hiring or retention by Cypress Care, AHP, and/or Carter, including Burch's personnel file, applications, resumes, hiring materials, and agreements; (d) Burch's retention, use, and/or disclosure of One Call's confidential information; (e) Burch's actual or attempted direct or indirect solicitation of One Call current or prospective customers, or assistance to others to do so, since leaving One Call's employment; and (f) the documents produced in the case.

## III. ARGUMENT

### A. <u>This Court Has Broad Discretion to Order Expedited Discovery.</u>

This Court has broad discretion to control discovery under Federal Rule of Civil Procedure 26. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); Fed. R. Civ. P. 26 (b)-(c); *see also Nassau Terminals*, 1999 U.S. Dist. LEXIS 23782, at *3 ("[Rule 26] grant[s] broad discretion to the court to alter timing, sequence, and volume of discovery requests."). Rule 30 provides that the Court may allow a plaintiff "to take a deposition before the time specified in Rule 26(d)." Fed. R. Civ. P. 30(2)(c). Rules 34 also grants the Court authority to permit a party to serve discovery before the Rule 26(f) conference and to shorten the time a defendant has to respond to written discovery. Fed. R. Civ. P. 34(b).

Expedited discovery is permitted when the moving party shows "good cause" for its need. *Nassau Terminals*, 1999 U.S. Dist. LEXIS 237821, at *3. Generally, good cause exists and "expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *FILA Sports v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983).

"Good cause may be found where the need for expedited discovery, in consideration of administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Eletron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *Biosense Webster*, 2013 U.S. Dist. LEXIS 53071, at *4-5 (citing *Wash. Metro. Area Trans. Auth.*, 234 F.R.D. at 6).

Good cause exists where, as here, a party is seeking injunctive relief to avoid or limit further irreparable harm. *See, e.g., Thyssenkrupp Elevator Corp. v. Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3 (M.D. Fla. May 10, 2013) (granting expedited discovery because "the Parties have identified the nature of the discovery sought and narrowly tailored the discovery to the preliminary injunction Motion at issue."); *CFTC v. Brickell Key Fin., LLC*, 2006 U.S. Dist. LEXIS 97093 (S.D. Fla. July 14, 2006) (ordering expedited discovery and subsequently entering a preliminary injunction).

For the reasons set forth below, and in One Call's Verified Complaint and Motion for Preliminary Injunction filed contemporaneously and incorporated herein by reference, this Court should exercise its discretion to alter the normal discovery procedures set forth by the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

**B. <u>Expedited Discovery is Warranted in this Case.</u>**

There is good cause for this Court to order the expedited discovery requested by One Call.

*First*, contemporaneous with this Motion, One Call has filed a motion for preliminary injunctive relief. Thus, a motion for a preliminary injunction is pending. The Motion demonstrates that Burch is working for One Call's direct competitor, and has solicited at least two customers of One Call with whom he worked closely – all in violation of his post-employment restrictive covenants.

*Second*, the discovery sought by One Call is narrowly tailored to obtain evidence from Burch, Carter, AHP, and Cypress Care that is readily available to them. These parties are being asked to produce basic documents and information related to Burch's employment by or involvement with a One Call competitor, including AHP and Cypress Care, and his solicitation of One Call's customers, including the Fund and Matrix, or assistance to others to do so. The time frame covered by the requests is just over two months. In terms of the depositions, One Call seeks to depose only four witnesses (Burch, Carter, and corporate designees from AHP and Cypress Care) on an expedited basis concerning only the narrow lines of inquiry set forth above. *See* Section II, *supra*.

*Third*, Burch is already serving as the Vice President of competitor AHP, meeting with another competitor, Cypress Care, and known to have solicited two of the One Call customers with whom he worked closely at One Call. Nevertheless, he lied to One Call – misrepresenting that he is still unemployed and is looking for work. The harm Burch is causing will only be compounded, and Burch will only be rewarded for his false statements

and surreptitious behavior, if One Call cannot quickly discover the full extent of his misconduct.

The email inadvertently sent to Burch's One Call email account establishes that Burch has solicited, and is soliciting, the Fund, a key customer of One Call that Burch had extensive contact with as an employee of One Call. Burch's direct solicitation of a Matrix decisionmaker is similarly outrageous. One Call now knows that Burch retained possession of its Audiology Business Plan when he left One Call. In total, Burch has or inevitably will unlawfully use One Call's confidential information – such as its business strategies, product information, pricing, pricing methodology, sales and marketing information, and the like – to assist his new employer, AHP, and Cypress Care – direct competitors of One Call – in the solicitation and diversion of business generated from the Fund, Matrix, and others. Burch is also trading upon the goodwill One Call developed over many years and great expense in developing a working relationship with the Fund and Matrix, to One Call's detriment and the benefit of Burch and One Call's competitors.

Further, with Burch having solicited the Fund and Matrix, despite having post-employment obligations to the contrary, and having accepted employment with a competitor without notice, despite having a contractual obligation to notify One Call in writing prior to engaging in competitive activity, it is highly likely – if not an absolute certainty – that Burch will continue to compete with One Call and solicit other One Call customers with One Call's confidential information and goodwill in hand.

This evidence is sufficient to warrant that Burch be enjoined from further violating his post-employment obligations. However, to understand the full extent of Burch's

breaches, and even begin to mitigate the harm that Burch has caused, expedited discovery is warranted so that Burch's surreptitious and unlawful conduct can be understood and addressed. Courts routinely permit expedited discovery in similar circumstances to allow the plaintiff and the Court an understanding of the employee's unlawful conduct. *See, e.g., Hospitalists Mgmt. Group, LLC v. Fla. Med. Affiliates, Inc.*, 2014 U.S. Dist. LEXIS 77257, at *4-5 (M.D. Fla. June 6, 2014) (permitting expedited discovery to understand extent of the defendant's misuse of proprietary information); *Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3 (permitting expedited discovery "to determine the nature and extent of the alleged proprietary and/or confidential information [], the nature and extent of any specialized training [], the nature and extent of [the employer's] relationships with its customers, and the precise nature of [the employee's] relationship with [his new employer/competitor]."); *see also Advanced Portfolio Technologies, Inc. v. Advanced Portfolio Technologies, Ltd.*, 1994 U.S. Dist. LEXIS 18457, at *9 (S.D.N.Y. Dec. 28, 1994) (holding that plaintiff's contention that defendant "misused confidential or proprietary information does sufficiently support the requested expedited discovery").[1]

The Court's discretion to grant this expedited discovery extends to third parties that are intricately involved in the dispute (such as a competitor that hires an employee in

---

[1] To the extent that the Court schedules the preliminary injunction hearing after the expedited discovery would be due, or determines that additional discovery is needed before the preliminary injunction hearing, it is also well established that expedited discovery better enables the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing. *Hospitalists Mgmt. Group*, 2014 U.S. Dist. LEXIS 77257, at *4-5; *Biosense Webster*, 2013 U.S. Dist. LEXIS 53071, at *4-5; *Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *3; *see also Moscony v. Quaker Farms, LP*, 2000 U.S. Dist. LEXIS 17772, at *9 (E.D.Pa. Dec. 8, 2000); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984); *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996).

breach of his/her post-employment obligations) or former employees with knowledge on relevant factual matters. *See, e.g., Hospitalists Mgmt.*, 2014 U.S. Dist LEXIS 77257, at *6 (ordering the deposition of a physician formerly employed by the defendant and not named as a party); *Thyssenkrupp Elevator*, 2013 U.S. Dist. LEXIS 66949, at *4 (granting request by former employer to depose, on an expedited basis, a non-party competitor that employed the former employee); *Malibu Media , LLC v. Doe*, 2014 U.S. Dist. LEXIS 137273, at *2-3 (M.D. Fla. Sep. 27, 2014) (ordering non-party IP providers to disclose documents and information in expedited discovery); *Fila Sports, Inc. v. Kitchen*, 548 F. Supp. 248, (S.D. Fla. 1982) (ordering non-parties in the possession of counterfeit goods to respond to written discovery requests in expedited discovery).

*Fourth*, in light of Burch's flagrant breaches of his post-employment obligations, One Call is likely to suffer further irreparable injury if it is not given the opportunity to quickly assess the evidence relevant to its claims and take quick and appropriate action. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Schwartz*, 991 F. Supp. 1480, 1482 (M.D. Ga. 1998) ("[I]n the rush to solicit clients ... even a few days can suffice to cause irreparable injury in the way of lost clients and reputation in the community.").

By contrast, Burch, and third parties Carter, AHP, and Cypress Care, face no prejudice by being compelled to sit for depositions and produce a limited documents, covering a short time frame, related to Burch's employment by or involvement with AHP and/or Cypress Care. There is no question that these individuals/entities should have to submit to depositions and produce documents at some point during the case, as the information sought by One Call is clearly relevant. Thus, the only question is not *if* this

discovery will occur, but *when* it occurs. Mere inconvenience related to the timing of the limited discovery sought should not constitute a basis of prejudice that outweighs One Call's need for this evidence. And, respectfully, this Court should keep in mind that any inconvenience asserted by these parties should be received with skepticism because they have brought this litigation on themselves. Burch knew full well that he has a one year restriction from soliciting One Call customers and pursuing competitive activities with a competitor. That's exactly why he sought to hide his new position from One Call. Burch should have put the third parties on notice of his agreements and, moreover, should have told One Call from the outset, as he was contractually required to do. The third-parties, including Carter (a former co-worker of Burch), knew or should have known that Burch owed One Call strict post-employment obligations, and, by hiring Burch and otherwise involving him in the solicitation of two key One Call customer, these third-parties have left One Call with no other choice but to seek immediate relief and discovery concerning his activities.

Further, any potential prejudice to Burch and the third-parties from expedited discovery is far outweighed by the irreparable and incalculable injury to One Call if Burch's material breaches are left undiscovered and unchecked, or the One Call business plan is allowed to remain in Burch's hands unchecked. Burch should not be permitted to delay disclosing the full extent of his breaches, even as he continues to compete head to head with One Call, solicit One Call's customers (including the Fund and Matrix), and uses or otherwise discloses One Call's confidential information and goodwill to the benefit of One Call's competitors. In light of the urgent situation and the irreparable harm that

One Call will suffer in the absence of judicial assistance, One Call respectfully requests that the Court exercise its broad discretion to order expedited discovery.

*Finally*, it is important to note that, but for the inadvertence of Carter in sending an email to Burch's One Call email account, and a customer's candor, One Call would have been completely in the dark about Burch's conduct that is in clear breach of his post-employment obligations. Burch has a strict contractual obligation under Section 5.d of the 2014 Agreement to notify One Call of activity that could potentially violate these obligations. He did not. Then, he lied about his employment status. Burch's complete disregard of the notice obligation and the truth makes clear that Burch will not voluntarily disclose the extent of his current activities. It is critical that One Call be permitted the opportunity to conduct expedited discovery so that it will have a full understanding of Burch's current activities and seek to mitigate the harm. Moreover, with expedited discovery, the Court will be in the best position to determine and protect the parties' respective interests in this matter. Otherwise, Burch may be able to thwart One Call's ability to fully protect its legitimate interests simply by "hiding the ball."

## IV. CONCLUSION

One Call respectfully asks this Court to enter an Order requiring: (1) Burch to respond to the attached Requests for Production, and produce all responsive documents, within five (5) calendar days of service of the Court's Order; (2) Carter, AHP, and Cypress Care to respond to the attached Subpoenas *Duces Tecum* and produce all responsive documents within seven calendar (7) days of service of the Subpoenas; (3) Burch, Carter, and corporate designees of AHP and Cypress Care to submit to depositions as specified in the Deposition Notices and/or Subpoenas attached to the Motion at such other time as

agreed between One Call and the witnesses within (10) calendar days of entry of this Court's Order (Burch) or within ten (10) calendar days of service of a subpoena (third parties); and (4) Burch, Carter, AHP, and Cypress Care to preserve all potentially relevant evidence stored on business and personal computers, laptops, iPads, handheld devices, smart phones, and similar electronic devices, cloud accounts, and email accounts pending resolution of this action or further order by the Court. (See Composite Exhibit 1 attached hereto)

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to M.D. Fla. Loc. R. 3.01(g), Defendant's counsel states as follows:

Plaintiff's counsel could not confer with Defendant's counsel before filing this Motion was filed along with the Verified Complaint, in light of the irreparable harm being caused by Defendant and Defendant's surreptitious behavior, and Defendant has not yet identified his counsel. Plaintiff's counsel is requesting that Defendant have his counsel contact Plaintiff's counsel. Upon the identification of Defendant's counsel, Plaintiff's counsel will promptly confer with Defendant's counsel and supplement this certification.

Dated: January 11, 2016

Respectfully submitted,

By: ______________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
kevance@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | |
|---|---|
| MSC GROUP, INC.<br>d/b/a ONE CALL CARE MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BURCH,<br><br>Defendant. | Civil Action No. ________________ |

**<u>REQUEST FOR EVIDENTIARY HEARING AND/OR ORAL ARGUMENT</u>**

Plaintiff, MSC Group, Inc., d/b/a One Call Care Management ("Plaintiff" or "One Call"), by and through its lead and undersigned counsel, and pursuant to Middle District Local Rules 3.01(j) and 4.06(b), respectfully makes the following requests with respect to Plaintiff's Motion for Preliminary Injunction and Incorporated Memorandum of Law (the "Motion"), in which Plaintiff seeks to enforce the post-employment non-competition, non-solicitation, and confidentiality covenants to which Defendant agreed.

Pursuant to Local Rule 4.06(b), Plaintiff requests that an evidentiary hearing be permitted and scheduled, so that Plaintiff may present its evidence in the form of live testimony from witnesses in support of its Motion, contemporaneously filed with this Request. Pursuant to Local Rule 3.01(j), Plaintiff further requests that oral Argument be scheduled on the Motion, alternatively or in addition to the Request for an evidentiary hearing.

Plaintiff states the following in support of these Requests:

1. Local Rule 4.06(b) states that "[a]ll hearings scheduled on applications for a preliminary injunction will be limited in the usual course to argument of counsel *unless* the Court grants express leave to the contrary in advance of the hearing[.]" L.R. 4.06(b).

2. Based on the flagrant and highly deceptive conduct of Defendant, as fully set forth in Verified Complaint, Motion for a Preliminary Injunction and Incorporated Memorandum of Law, and the Affidavits of Samuel Hillman and Amber Unruh, which are fully incorporated herein by reference, and Defendant's attempts to conceal his breaches and mislead employees of Plaintiff into believing Defendant is currently unemployed, when, in fact, he accepted a position as Vice President of a direct competitor, there is sufficient need and justification for this Court to schedule a one day evidentiary hearing.

3. An evidentiary hearing will allow Plaintiff to put forward its witnesses and other evidence, obtained in advance of filing the Verified Complaint and Motion for a Preliminary Injunction and, if permitted by the Court, and obtained before the hearing, further obtained in expedited discovery. The presentation of evidence through live testimony is particularly important here given that Defendant Jordan Burch – who has accepted employment with a competitor in violation of his non-competition covenant, and is known to have solicited at least two of his former customers in violation of his non-solicitation agreement – has attempted to conceal and misrepresent the current status of his employment with a direct competitor of Plaintiff. Thus, the presentation of live testimony will allow the Court to directly assess the credibility of the parties' respective witnesses, particularly the credibility of Burch.

4. In addition, or in the alternative, pursuant to Local Rule 3.01(j), oral argument will assist the Court in addressing any of the issues raised in Plaintiff's Motion and

Defendant's opposition to the Motion. Oral argument is especially appropriate in light of the importance of the issues and the irreparable harm that Burch continues to threaten..

The undersigned estimates that the time required for an evidentiary hearing will be one full day and, if the Court grants an evidentiary hearing, oral argument will take 30 minutes per side to complete. If the Court does not grant an evidentiary hearing, the undersigned estimates that oral argument will require one (1) hour per side to complete.

WHEREFORE, Plaintiff, MSC Group, Inc., d/b/a One Call Care Management, respectfully requests that this Court enter an order permitting and scheduling an evidentiary hearing on the Motion and, in addition to or in the alternative, permitting and scheduling oral argument on the Motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to M.D. Fla. Loc. R. 3.01(g), Plaintiff's counsel states as follows:

Plaintiff's counsel could not confer with Defendant's counsel before filing this Request, as it has been filed contemporaneously with the Verified Complaint and Motion for a Preliminary Injunction, in light of the irreparable harm being caused by Defendant and Defendant's surreptitious behavior, and Defendant has not yet identified his counsel. Plaintiff's counsel is requesting that Defendant have his counsel contact Plaintiff's counsel. Upon the identification of Defendant's counsel, Plaintiff's counsel will promptly confer with Defendant's counsel and supplement this certification.

Dated: January 11, 2016

Respectfully submitted,

By: ______________________

Kevin E. Vance, Esq.
Florida Bar No. 670464
kevance@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305.960.2311
Fax: 305.397.2264
*Attorneys for Plaintiff,*
*MSC Group, Inc.*
*d/b/a One Call Care Management*